FILED
01-25-2019
Clerk of Circuit Court
Racine County
2019CV000792
Honorable Eugene A.
Gasiorkiewicz
Branch 2

**STATE OF WISCONSIN**       **CIRCUIT COURT**       **RACINE COUNTY**

KJ TAX & ACCOUNTING, LLC
501 E. Main Street
Waterford, WI 53185

and                                            Case Code: 30303

ADVANCED OFFICE SOLUTIONS, LLC
501 E. Main Street
Waterford, WI 53185

　　　　　　　　　Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY
c/o Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

　　　　　　　　　Defendant.

---

## SUMMONS

---

THE STATE OF WISCONSIN To Each Person and/or Entity Named Above As Defendant:

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Racine County Clerk of Court, 730 Wisconsin Ave., Racine, WI 53403 and to Rose & deJong, S.C., plaintiff's attorneys, whose

1

**EXHIBIT**
**A**

address is 1134 N. 9th Street, Suite 220, Milwaukee, WI 53233. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days of the summons, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 25th of January 2019.

ROSE & deJONG, S.C.
Attorneys for the Plaintiffs.

*Electronically Signed by Thomas J. Lonzo*

By: _____
Thomas J. Lonzo
State Bar No. 1000826

P.O. ADDRESS:
1134 N. 9th Street, Suite 220
Milwaukee, WI 53233
Phone: (414) 274-1400
Facsimile: (414) 274-1401
tjl@rosedejong.com

2

FILED
01-25-2019
Clerk of Circuit Court
Racine County
2019CV000792
Honorable Eugene A.
Gasiorkiewicz
Branch 2

STATE OF WISCONSIN      CIRCUIT COURT      RACINE COUNTY

KJ TAX & ACCOUNTING, LLC

and

ADVANCED OFFICE SOLUTIONS, LLC

                                    Case Code: 30303

                Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY

                Defendant.

## COMPLAINT

Plaintiffs, by their attorneys, Rose & deJong S.C., as and for their complaint against the Defendant, allege and show to the Court as follows:

1.      KJ Tax & Accounting, LLC ("KJT") is a domestic limited liability company located at 501 E. Main St., Waterford, WI 53185. At all times relevant, KJT was and is an accounting firm.

2.      Advanced Office Solutions, LLC ("AOS") is a domestic limited liability company located at 501 E. Main St., Waterford, WI 53185.  At all times relevant, AOS was and is generally engaged in the business of providing consulting and training services to accounting firms on software offerings in the accounting industry.

3.      State Farm Fire and Casualty Company ("State Farm") is a foreign insurance company, licensed to do business in the State of Wisconsin whose registered agent is Corporation Service Company located at 8040 Excelsior Dr., Suite 400, Madison, WI 53717.  At all times relevant, both KJT and AOS had Businessowners insurance coverage with State Farm.

4.    In approximately 2010, James Filicetti, the owner of KJT and AOS, considered establishing a business where clients of KJT and AOS would have access to QuickBooks on the cloud to service those clients.

5.    Mr. Filicetti was referred to Gerald Livingston as someone who had already been doing IT technical work for professionals such as Mr. Filicetti.

6.    Livingston stated a server was necessary to house the information and because KJT and AOS had a prior credit agreement with Dell Financial Services, LLC ("Dell"), arrangements were made for financing the server by KJT under a lease to own arrangement and have the server shipped to South Carolina where Livingston operated his business. KJT is the liable party under the lease financing agreement with Dell.

7.    Thereafter, clients of KJT and AOS were using the cloud services provided through the server Livingston was operating in South Carolina. At no time did KJT, AOS or Mr. Filicetti enter into or form any partnership or corporate relationship with Livingston or a company in which he was affiliated.

8.    At no time did Livingston or any company in which he was affiliated make a single payment on the Dell lease. Rather, KJT continued to make payments towards the lease until the financial obligations were satisfied.

9.    In February 2017, without warning the data on the server became inaccessible and on or about February 22, 2017, following efforts by KJT and AOS to determine the cause of the problems without success, KJT and AOS reported the server stolen by Livingston to authorities in Wisconsin and South Carolina.

2

10.     At all times relevant, the server housed substantial data including sensitive information on clients of AOS and KJT.  The data and sensitive information were lost and non-recoverable when the server was stolen.

11.     Shortly thereafter, on or about February 27, 2017, Mr. Filicetti reported the claim loss to State Farm.  Specifically, Plaintiffs had losses related to, among other things, the loss of the server, loss of data on the server, damages from lost software for use on the server and losses associated with attempts to recover lost data and otherwise protect confidential information.

12.     On or about March 14, 2017, State Farm denied the claim presented citing assumed "facts" and relying upon two "Exclusions" in the policy.

13.     Thereafter, Plaintiffs independently and through subsequently retained counsel presented to State Farm on numerous occasions over the course of well over a year correspondence, exhibits, affidavits, evidence and authority, as well as referencing the applicability of policy provisions which had clearly not been considered by State Farm; all in support of coverage for the losses sustained by Plaintiffs.

14.     Among other things, Plaintiffs independently and through counsel provided to State Farm:

> (a) An affidavit with exhibits evidencing there was no partnership, corporate or similar relationship between Plaintiffs and Livingston or any company Livingston was involved with;
>
> (b) An affidavit with exhibits evidencing Plaintiff's owned the servers;
>
> (c) A letter from State Farm's captive agent who sold the policies to Plaintiffs stating specifically that the intent was to cover the very losses and claims Plaintiffs were making;

3

(d) A signed statement from another accountant familiar with the facts whom also lost data when the server was stolen and supporting Plaintiffs' claims;

(e) Evidence by State Farm claim number that previously State Farm accepted a nearly identical claim and paid for losses presented by one or both of the Plaintiffs;

(f) Police reports, a statement of Livingston taken by a private investigator and documentation supporting insurance claims accepted for losses incurred, and;

(g) Legal authority supporting Plaintiffs' interpretation of policy language.

15.     Despite providing State Farm with the aforementioned materials, State Farm did little to no investigation (including no independent investigation of the evidence presented by Plaintiffs and failure to thoroughly review the evidence presented); all with the intent or careless objective to continue to wrongfully deny the Plaintiffs' claims for coverage as a result of the aforementioned losses.

## FIRST CAUSE OF ACTION—BREACH OF CONTRACT

16.     Each prior paragraph is incorporated herein as though fully set forth.

17.     State Farm breached the insurance contracts it had with Plaintiffs by wrongfully denying the claim presented by the Plaintiffs.

18.     As a result of the breach of insurance contracts by State Farm, Plaintiffs have been damaged by, among other things, the loss of the server, loss of data on the server, damages from lost software for use on the server and losses associated with attempts to recover lost data and otherwise protect confidential information.

## SECOND CAUSE OF ACTION—BAD FAITH

19.     Each prior paragraph is incorporated herein as though fully set forth.

4

20.     The insurance contracts between Defendant and Plaintiffs have an implied covenant of good faith and fair dealing. State Farm breached its duty and acted in bad faith by, among other things, failing to properly and neutrally investigate the claim, performing an inadequate investigation, taking unreasonable lengths of time to review materials provided and responding to Plaintiffs, delaying payment and unreasonably denying coverage under the policies.

21.     State Farm lacked a reasonable basis for failing to properly investigate the facts and circumstances relating to its insureds' claims.

22.     State Farm acted either intentionally, or with reckless disregard for the rights of its own insureds by failing to properly and neutrally investigate the facts and circumstances of the claim, for causing undue delays in payment to its insureds and for unreasonably delaying and denying the claim presented.

23.     The Plaintiffs have suffered damages as a result of State Farm's bad faith, including, but not limited to, their increased fees and costs in pursuing their claim under the policies, their fees and costs resulting from State Farm's failure to properly investigate, and their fees and costs resulting from the delays in State Farm properly and timely resolving their claims and paying their damages.

24.     State Farm's actions as set forth herein were either intentional, malicious, or evidenced a disregard of the rights of the Plaintiffs, thereby entitling the Plaintiffs to punitive damages.


**WHEREFORE**, Plaintiffs demand judgment against the Defendant as follows:

A.      For Plaintiffs' damages resulting from the breach of contract;

5

B.     For Plaintiffs' damages resulting from the Defendant's bad faith;

C.     For punitive damages;

C.     For their costs, disbursements and actual attorney fees; and

D.     For such other and further relief as the Court may deem just and equitable.

## DEMAND IS HEREBY MADE FOR A TRIAL BY JURY

Dated this 25th day of January 2019.

**ROSE & deJONG, S.C.**
Attorneys for the Plaintiffs.

*Electronically Signed by Thomas J. Lonzo*

By: _____

Thomas J. Lonzo
State Bar No. 1000826

**P.O. ADDRESS:**
1134 N. 9th Street, Suite 220
Milwaukee, WI 53233
Phone: (414) 274-1400
Facsimile: (414) 274-1401
tjl@rosedejong.com

6

FILED
01-25-2019
Clerk of Circuit Court
Racine County
2019CV000792
Honorable Eugene A.
Gasiorkiewicz
Branch 2

| STATE OF WISCONSIN | CIRCUIT COURT | RACINE COUNTY |
|---|---|---|

KJ Tax & Accounting, LLC et al vs. State Farm Fire and Casualty Company

**Electronic Filing Notice**

Case No. 2019CV000792
Class Code: Other-Contract

STATE FARM FIRE AND CASUALTY COMPANY
8040 EXCELSIOR DRIVE, SUITE 400
MADISON WI 53717

Case number 2019CV000792 was electronically filed with/converted by the Racine County Clerk of Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $ 20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register as an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: c0a7fb**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-636-3333.

Racine County Circuit Court
Date: January 29, 2019

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **RACINE COUNTY**

KJ TAX & ACCOUNTING, LLC

and                                        Case No. 2019CV792
                                           Case Code: 30303

ADVANCED OFFICE SOLUTIONS, LLC

                    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY

                    Defendant.

---

### PLAINTIFFS' FIRST SET OF WRITTEN INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO STATE FARM FIRE AND CASUALTY COMPANY

---

TO:    STATE FARM FIRE AND CASUALTY COMPANY
       c/o Corporation Service Company
       8040 Excelsior Drive, Suite 400
       Madison, WI 53717

### INTERROGATORIES

The plaintiffs, KJ TAX & ACCOUNTING, LLC and ADVANCED OFFICE SOLUTIONS, LLC, by their attorneys, Rose & deJong, S.C., hereby propound the following written interrogatories and requests for production to the defendant, STATE FARM FIRE & CASUALTY COMPANY ("State Farm"), to be answered within forty-five (45) days of service as provided under Wisconsin Statutes sections 804.08 and 804.09:

### INSTRUCTIONS

1.     In responding to these interrogatories, you are required to obtain and furnish all information known by, possessed by, or available to you and to any of your representatives,

1

employees, agents, consultants, accountants or attorneys, or anyone else acting on your behalf, and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, consultants, accountants or attorneys, or anyone else acting on your behalf.

2.     Each interrogatory should be answered separately, completely, and fully, unless it is objected to, in which event, the reason for an objection must be stated in lieu of an answer.

3.     These requests are continuing in nature. You must correct your answers if you obtain information from which you know that your response was incorrect when made or that the response is no longer true or complete; failure to amend the response is in substance a knowing concealment. You must also supplement any response with respect to:

(a) the identity and location of persons having knowledge of discoverable matters,

(b) the identity of each person expected to be called as an expert witness at trial, and

(c) the subject matter on which the person is expected to testify, and the substance of the testimony.

4.     The following rules of construction apply to these interrogatories:

(a)     The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make each request inclusive rather than exclusive;

(b) The term "each" shall be construed to include "any" and "all" as necessary to make each request inclusive rather than exclusive;

(c)     The singular of each term shall be construed to include the plural and *vice versa* as necessary to make each request inclusive rather than exclusive;

2

(d) Any interrogatory phrased in the present tense shall be read as if it is propounded in the past tense and *vice versa* as necessary to make each request inclusive rather than exclusive; and

(e) All words used herein shall be given their plain and ordinary meanings given the context of their use, except that words which you understand to have a specialized or technical meaning shall be assigned all plain and ordinary meanings as well as all specialized and technical meanings as necessary to make each interrogatory inclusive rather than exclusive. When you respond to a request by using a specialized or technical meaning, you must set forth the specialized or technical meaning in your response.

5. If you are unable to answer fully any of these Interrogatories, you must answer them to the fullest extent possible, specifying the reason(s) for your inability to answer the remainder, and stating whatever information, knowledge, or belief you have concerning the unanswerable portion. An evasive or incomplete answer is deemed to be a failure to answer under Wis. Stat. § 804.12, and may render you or your attorney, or both, liable for the expense of a motion pursuant to that statute.

6. Each lettered subpart of a numbered Interrogatory is to be considered a separate Interrogatory for the purpose of an objection. You must object separately to each subpart, and if you object to less than all of the subparts of a numbered Interrogatory, then you must answer the remaining subparts. In addition, if you object to an Interrogatory or a subpart thereof as calling for information which is beyond the scope of discovery, (e.g., "not reasonably calculated to lead to the discovery of admissible evidence," "work product," "unduly burdensome," etc.) you must, nevertheless, answer the Interrogatory or subpart thereof to the extent that it is not objectionable.

3

7. By requesting information regarding conversations or written communication, the plaintiff is not waiving any objection or challenge to the competency of such witness to testify about such conversations or communication. This objection or challenge may be based on the common law and any statute, including Wis. Stat. § 885.16.

8. Unless a different time period is set forth in a specific interrogatory, the time period for all interrogatories is the Relevant Time Period as set forth in the Definitions Section below.

## DEFINITIONS

8. The term "PERSON" means any individual, firm, corporation, partnership, association, proprietorship, board, division, agency or any other business, private or governmental.

9. The term "DOCUMENT" and "DOCUMENTS" mean recorded information of any kind, including, but not limited to, advertisements, agreements, bills, books, bulletins, calculations, charts, checks, circulars, communications, contracts, correspondence, diaries, drafts, films, financial statements, forms, graphs, invoices, letters, memoranda, minutes, photographs, receipts, records, reports, schedules, tables, worksheets, and any tangible thing, including originals and copies, whether typed, handwritten, printed copy, photocopy, electronic or from whatever source, and any underlying supporting, or used in preparation of any such document or documents.

10. The term "IDENTIFY" used in reference to an individual person means to:

    a) State his/her full name;

    b) State his/her present or last-known address;

    c) State his/her present or last-known position and business affiliation; and

4

d)    State his/her position or affiliation with any party to this action at any relevant time.

11.    Where the term "IDENTIFY" appears within the text of an Interrogatory with regard to the term "documents," then "identify" shall be construed to require the following information in regard to each such document:

a)    Identify all documents relating to the information requested by the Interrogatories which were prepared or were ever in existence;

b)    State where each of such documents identified in paragraph (a) is presently located, and under whose care, custody, or control each is kept.

c)    If any of the documents is no longer available, state as to each, when, where, by whom and under what circumstances such documents were destroyed, lost or otherwise made unavailable, and the name, address, job description and present location of the person or persons authorizing, ordering or accomplishing such destruction or other unavailability, such persons has under his/her custody or control.

d)    Identify the basis or source of information for the answer or answers submitted in response to the Interrogatory.

12.    Where the term "COMMUNICATION" is used, it means any oral statement, conversation, colloquy, dialogue, discussion, and it also includes any transfer of thoughts, expressions or ideas between persons by means of any documents, definition which is discussed above.

5

a)      If such communication was oral, identify the person(s) speaking, the person(s) spoken to or overhearing it, and state the date and place of the communication and its substance; and

b)      If such communication was contained in a document, identify the document.

13.      "PLAINTIFFS" shall refer to the plaintiffs, KJ Tax & Accounting, LLC and Advanced Office Solutions, LLC.

14.      "KJ Tax" shall refer to KJ Tax & Accounting, LLC, its members, officers, employees, agents and other individuals acting on the behalf of KJ Tax.

15.      "Advanced Office" shall refer to the Plaintiff, Advanced Office Solutions, LLC, its members, officers, employees, agents and other individuals acting on the behalf of Advanced Office.

16.      "DEFENDANT," "STATE FARM," "you," or "your" shall refer to the defendant, State Farm Fire and Casualty Company, its employees, officers, directors, agents and/or any other individuals acting on its behalf.

17.      "POLICY" or "POLICIES" shall refer to the insurance policy or policies issued by State Farm to the Plaintiffs and in effect during the RELEVANT TIME PERIOD.

18.      "INSURED PROPERTY" shall refer to Plaintiffs' property covered by the POLICIES.

19.      The "CLAIM" shall refer to the claim or claims made by the Plaintiffs on the POLICIES and assigned State Farm Claim Nos. 49-9V57-588 and 49-2719-C15.

20.      The "RELEVANT TIME PERIOD" will be from February 1, 2017 to February 1, 2018.

6

## INTERROGATORIES

**INTERROGATORY NO. 1:** IDENTIFY each PERSON answering, or assisting others in answering, these interrogatories, and for each person identified state what interrogatory, or sub-part, was answered by such person.

**INTERROGATORY NO. 2:** IDENTIFY all PERSONS who were involved in any way with the drafting, organizing, and/or issuance of the POLICIES.

**INTERROGATORY NO. 3:** IDENTIFY each PERSON in the employ of DEFENDANT who has any knowledge or has taken any action on behalf of DEFENDANT with regard to handling the CLAIM. This interrogatory seeks the name of every employee of DEFENDANT who had anything to do with the CLAIM, including the adjusters, branch claims representatives, regional or home office claims auditors or claims examiners, all claims managers and claims supervisors at any level, executive officers of the company, and all members of any review committee or claims committee.

**INTERROGATORY NO. 4:** For each PERSON identified in the answer to Interrogatory 3, state the person's title or position within the company, current branch or office location, the name and title or position of the individual's immediate supervisor, and the nature of the function or service performed by that person in connection with the CLAIM.

**INTERROGATORY NO. 5:** If any PERSON identified in the answer to Interrogatory 3 has been promoted, demoted, or transferred during the time relevant herein, describe in detail the change in employment status of each such individual, including the circumstances of the person's employment before and after the change in status.

**INTERROGATORY NO. 6:** If any PERSON identified in the answer to Interrogatory 3 is no longer employed with DEFENDANT, please state the date of separation, and the last-known

residence address and telephone number or place of current employment of each such past employee.

**INTERROGATORY NO. 7:** IDENTIFY each PERSON not in the employ of DEFENDANT who has any knowledge or has taken any action on behalf of or at the request of DEFENDANT with regard to the CLAIM. This interrogatory seeks the name of every person, firm, or company with whom DEFENDANT had any contact, including independent adjusters or independent adjusting firms, private investigators, engineers, economists, accountants, attorneys, or any other person, firm, or company, concerning the CLAIM.

**INTERROGATORY NO. 8:** For each PERSON identified in the answer to Interrogatory 7, state the PERSON's professional title, and the nature of the function or service provided by such PERSON in connection with the CLAIM.

**INTERROGATORY NO. 9:** IDENTIFY any DOCUMENT relating to the CLAIM submitted to DEFENDANT by each person identified in the answer to Interrogatory 7.

**INTERROGATORY NO. 10:** Describe each file that was opened, created, or maintained by DEFENDANT relating in any way to the POLICIES or the CLAIM, including the complete name or title of the file, its complete file number or other identifying designation, its present custodian and physical location within DEFENDANT, and its general purpose or business classification. This interrogatory seeks the identification of each "claims file" and each "underwriting file," under whatever designation or description, and every copy or duplicate thereof which may exist within DEFENDANT.

**INTERROGATORY NO. 11:** State whether or not any information or data of any kind pertaining to the POLICIES, the CLAIM, the claims-handling or underwriting activities of

8

DEFENDANT, or any reports, communications, or data of any kind, are maintained on any electronic media, such as computer data files, electronic mail, or any equivalent.

**INTERROGATORY NO. 12:** If the answer to Interrogatory 11 is yes, describe the contents of such electronically stored information, whether or not hard copies of such material exist, the custodian of such data, and the appropriate location within the company for the retrieval of such data.

**INTERROGATORY NO. 13:** Has DEFENDANT secured a policy or policies of reinsurance on any portion of the coverage written on PLAINTIFFS with any reinsurer?

**INTERROGATORY NO. 14:** If the answer to Interrogatory 13 is yes, state the name, business address, telephone number, policy identification number, and liability limits of each such reinsurance.

**INTERROGATORY NO. 15:** IDENTIFY the individuals with DEFENDANT, including title and function, who are responsible for determining, promulgating, and overseeing company policies and standard procedures for the administration, evaluation, determination, and payment of insurance claims by DEFENDANT.

**INTERROGATORY NO. 16:** IDENTIFY every DOCUMENT containing statements of policy, policy guidelines, administrative bulletins, intercompany memoranda or other DOCUMENT of any kind, promulgated by DEFENDANT and disseminated or distributed to its employees, relating to the standard, recommended, or expected procedures for the administration, evaluation, determination, and payment of claims.

**INTERROGATORY NO. 17:** Does DEFENDANT maintain a manual or handbook containing standard procedures or guidelines for the administration, evaluation, determination, and payment of claims?

9

**INTERROGATORY NO. 18:** If the answer to Interrogatory 17 is yes, state the complete title of such manual, the year of publication, the author or the department or individual responsible for its contents, and an appropriate custodian within the company who would have a current edition available for inspection.

**INTERROGATORY NO. 19:** IDENTIFY the individuals in DEFENDANT, including title and function, who are responsible for devising, implementing, and overseeing the training of adjusters, claims representatives, claims supervisors, or any other individuals involved in the claims-handling process within DEFENDANT.

**INTERROGATORY NO. 20:** Describe all training materials of any kind used by DEFENDANT in training adjusters, claims representatives, claims supervisors, or any other individual involved in the claims-handling process within DEFENDANT and specifically involved in the CLAIM.

**INTERROGATORY NO. 21:** In the case of training materials described in the answer to Interrogatory 20 prepared specifically for DEFENDANT or by its employees, describe each item, including the complete title and date of preparation, and IDENTIFY an appropriate custodian within the company who would have the materials available for inspection.

**INTERROGATORY NO. 22:** State in detail what State Farm did to investigate the Plaintiffs' CLAIM including, but not limited to, for each item or task, when the item or task was performed and the name of the individuals(s) performing such item or task.

**INTERROGATORY NO. 23:** IDENTIFY whether State Farm has interviewed any persons concerning the claims being alleged in the above-referenced matter. If so, IDENTIFY who conducted the interview, the date of the interview, whether the information communicated during such interview was reduced to writing, and, if so, who has possession of such communication.

10

**INTERROGATORY NO. 24**: State whether State Farm currently owes any or both of the Plaintiffs any further payment on the Claim, and if so why, how much, and for what.

## REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiffs by their attorneys, Rose & deJong S.C., hereby propound the following requests for production to the defendant, STATE FARM FIRE AND CASUALTY CO. Said documents must be produced within 45 days at the offices of Rose & deJong, S.C. 1134 N. 9th Street, Suite 220, Milwaukee, WI 53233 pursuant to Wis. Stat. § 804.09, unless alternative arrangements are mutually agreed upon in writing.

## INSTRUCTIONS

1. To the extent a request calls for production of an agreement, contract, or other legal instrument, you shall produce the document or electronically stored information in its entirety, including all pages, amendments, addendums, exhibits, certificates, schedules, or other documents attached to, referenced in, or otherwise relating to the final agreements.

2. If, in answering any of these document and electronically stored information requests, you have failed or refused to produce any document or piece of electronically stored information because it is claimed to be privileged or otherwise protected from discovery, state separately with respect to each document to which a privilege or protection is claimed: (a) the type of document withheld; (b) its identifying numbers; (c) the date of the document; (d) the name and identification by position, title, affiliation or other appropriate information of the author, addressee(s) and any recipients of copies; (e) the subject matter of the document; and (f) the legal basis for withholding the document.

3. If any document or electronically stored information responsive to all or any part of a request is not currently available, provide a statement to that effect and furnish whatever

11

documents are available. Include in your statement when such documents were most recently in your possession or subject to your control and what disposition was made of them, and identify the name, job title and the last known address of each person currently in possession or control of such documents. If any of such documents have been destroyed, identify the name, job title and the last known address of each person who directed that the documents be destroyed, and state the reasons the documents were destroyed.

4. All definitions set forth in the interrogatory section above apply fully to the requests for production set forth below.

5. Unless a different time period is set forth in a specific Request, the time period for all requests is the Relevant Time Period as set forth in the Definitions Section above.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**: Produce all DOCUMENTS identified in, or relied upon to answer, the above interrogatories.

**REQUEST NO. 2:** Produce all claims files in their entirety maintained by DEFENDANT on the CLAIM. Included in this request are all copies or duplicates of the claims files maintained in branch, regional, or home offices.

**REQUEST NO. 3:** Produce all committee reports, committee minutes, or written notes prepared or taken in connection with any claims committee meetings held on the CLAIM.

**REQUEST NO. 4:** Produce a copy of each report, writing, or other DOCUMENT supplied by any person outside DEFENDANT to whom any matter concerning the administration of the CLAIM was referred (unless such report is already contained within the claims files to be produced). This request calls for the production of each document identified in your response to Interrogatory 9.

12

**REQUEST NO. 5:** Produce all underwriting files in their entirety maintained by DEFENDANT on the POLICIES.

**REQUEST NO. 6:** Produce all correspondence between DEFENDANT and any reinsurer identified in your response to Interrogatory 14 pertaining to the CLAIM, including specifically all status reports and all reports on changes to loss reserves.

**REQUEST NO. 7:** Produce a copy of the claims manual or handbook containing the standard or recommended procedures of DEFENDANT for the administration, evaluation, determination, and payment of claims, and in use during the RELEVANT TIME PERIOD.

**REQUEST NO. 8:** Produce a copy of each memorandum, written statement of policy, written policy guideline, administrative bulletin, or other writing prepared and disseminated to employees involved in the CLAIM, on any subject related to procedures in the administration, evaluation, determination, or payment of claims. This request calls for the production of all items described in your response to Interrogatory 16.

**REQUEST NO. 9:** Produce a copy of all training materials used by DEFENDANT in the training of adjusters, claims representatives, claims adjudicators, claims examiners, claims supervisors, or claims managers involved in handling the CLAIM. This request calls for the production of all materials described in your response to Interrogatory 20.

**REQUEST NO. 10:** Produce a copy of the annual reports filed with the Department of Insurance for the State of Wisconsin during the RELEVANT TIME PERIOD.

**REQUEST NO. 11:** Produce all DOCUMENTS that constitute, refer or relate to State Farm's COMMUNICATIONS with any of the PLAINTIFFS or representatives, agents, or any others acting on the PLAINTIFFS behalf with regard to the CLAIM or POLICIES.

13

**REQUEST NO. 12:** Produce all DOCUMENTS that constitute, refer or relate to DEFENDANT'S internal COMMUNICATIONS relating to the POLICIES or the CLAIM.

**REQUEST NO. 13:** Produce all DOCUMENTS that support any denials to allegations of the Complaint set forth in your Answer and Affirmative Defenses DEFENDANT has pled in the above-captioned action.

**REQUEST NO. 14:** Produce all DOCUMENTS which relate in any way to the denial of any claim for payment made pursuant to the POLICY.

**REQUEST NO. 15:** Produce all DOCUMENTS relating to any interview(s) perform by DEFENDANT relating to the CLAIM.

Dated this 30th day of January 2019.

**ROSE & deJONG, S.C.**
Attorneys for the Plaintiffs.

By: _____
Thomas J. Lonzo
State Bar No. 1000826

**P.O. ADDRESS:**
1134 N. 9th Street, Suite 220
Milwaukee, WI 53233
Phone: (414) 274-1400
Facsimile: (414) 274-1401
tjl@rosedejong.com

14